IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENT BLAKE
10158 Pasture Gate Lane
Columbia, MD 21044

    Plaintiff,

v.

THE UNITED STATES OF AMERICA

Serve on:    Attorney General
        Merrick Garland
        Department of Justice
        950 Pennsylvania Avenue
        Room B-103
        Washington, DC 20530

Also Serve:    Hon. Erek L. Barron
        United States Attorney for
         Maryland
        36 S. Charles Street, 4th Floor
        Baltimore, MD 21201

Also Serve:    Thomas J. Marshall
        General Counsel &
         Executive Vice President
        United States Postal Service
        475 L'Enfant Plaza, SW
        Washington, DC 21260

    Defendant.

Civil Action No.:_____

## COMPLAINT

NOW COMES Kent Blake (hereinafter "Blake"), Plaintiff herein, by and through his attorney, Robert E. Joyce and The Law Office of Barry R. Glazer, LLC, and sues Defendant The United States of America (hereinafter "Defendant") and for reasons state as follows:

## INTRODUCTION

1. Plaintiff Blake, is and at all times relevant hereto, was a resident of the State of Maryland.

2. Defendant, The United States of America (hereinafter "Defendant United States"), is amenable under 28 U.S.C. §1346(b) to suit for damages arising from the negligent condition of its property at the United States Postal Service office located at 10550 Little Patuxent Parkway, Suite 190, Columbia, MD 21044 and Plaintiff Blake, and as set forth more fully below, has satisfied the notice requirements of 28 U.S.C. §2675 (the "Federal Tort Claims Act").

3. Defendant United States, at all times relevant to this complaint, controlled the United States Postal Service and by and through its agents, servants and/or employees was responsible for managing the conditions of its facilities, including but not limited to the interior security gate in or near 10550 Little Patuxent Parkway, Suite 190, Columbia, MD 21044.

4. Defendant United States, at all times relevant to facts pertaining to this case, exercised control over and influenced the policies, practices and customs of the United States Postal Service, as well as the training, supervision, control and discipline of Postal workers. In addition, Defendant United States has acted or fails to act through its policy-making officials, including, but not limited to, the Postmaster General; the acts and edicts of these policy making official(s) constitute the policies, practices and customs of Defendant United States.

## JURISDICTION AND VENUE

5. The claims herein are brought pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.

6. Jurisdiction over this case is conferred by 28 U.S.C. §1346.

7. Venue is properly laid in this district pursuant to 28 U.S.C. §1402(b) as the cause of action arose in Columbia, Howard County, Maryland.

8. Plaintiff satisfied the notice of claim required under 28 U.S.C. §2675 by sending his completed Standard Form 95 to the appropriate agency, the United States Postal Service, via certified mail on April 27, 2021. See: Exhibit 1(SF-95 Form). According to the return receipt, it was received by USPS on May 11, 2021. Id.

9. Pursuant to 28 U.S.C. §2675(a), The United States Postal Service failed to make a final disposition of this claim within six months after it was filed. At the minimum, the disposition date would have been November 11, 2021. This time has long expired without any action by the agency. Therefore, at the option of the Claimant, it has been deemed that the claim has been denied by the agency and suit is now instituted.

## COUNT I - NEGLIGENCE - PREMISES LIABILITY

10. Plaintiff Blake adopts and incorporates by reference each of the factual allegations contained in Paragraphs 1 through 9 above as if fully set forth herein.

11. On or about October 26, 2019 Plaintiff was conducting business at the United States Post Office location at 10550 Little Patuxent Parkway, Suite 190, Columbia, MD 21044.

12. The Postal Employee that Plaintiff Blake was working with left the counter, went around the corner beyond where Plaintiff could see what she was doing and partially pulled down the steel security gate in the customer service lobby.

13. Plaintiff Blake completed his transaction and walked around the corner running directly into the partially closed steel security gate that the employee had pulled down without his knowledge. He struck his head which knocked him immediately to the ground. Plaintiff Blake was unable to get up from the floor for approximately 3-5 minutes.

14. Plantiff Blake went home and took a nap to attempt to recover. When he work up

there were 2 visible bumps on his forehead, a splitting headache and the onset of neck pain and dizzyness.  As a result, he went to the ER to be evaluated.

15. As a result of the negligence of the Defendant through its agents, servants and/or employees he incurred significant medical bills and missed time from work.

16. Defendant United States, through its agency the United States Postal Service, was the landowner and/or manager of the facility, and, as such, Defendant had a duty to use reasonable and ordinary care to maintain a safe premises for Plaintiff Blake and to protect Plaintiff Blake against injury caused by an unreasonable risk which he, by exercising ordinary care, could not discover.

17. The security gate was improperly positioned by the associate and therefore was unreasonably dangerous to Plaintiff Blake as well as other members of the public who had to use this hallway to enter and exit the post office. Furthermore, as the partially closed gate was obscured and could not be seen from around the corner by Plaintiff Blake.

18. Defendant United States was aware, or in the exercise of reasonable care, should have been aware of the existing hazard.

19. Defendants, and or their agents, servants, contractors and/or employees, had a duty of care to safely and reasonably maintain a safe area for ingress and egress from the subject Post Office for the general public and to keep these areas free from unreasonable hazards, such as partially closed gates.

20. In breach of said duty, Defendants, and/or their agents, servants, contractors and/or employees carelessly and negligently failed to insure that the gate in question was properly secured and and safe to walk through, it failed to warn Plaintiff Blake of the danger presented, failed to properly hire individuals or companies to perform or properly perform the duties mentioned and was

otherwise careless, reckless and negligent.

21. Defendants' negligence factually and proximately caused Plaintiff Blake to suffer serious present and future injuries to his head and neck, and to suffer great present and future mental anguish, and present and future loss of work, wages, and property.

22. All such injuries suffered by Plaintiff Blake were caused solely by the negligence of the Defendants and/or their agents, servants, contractors and/or employees without any negligence by Plaintiff Blake contributing thereto.

WHEREFORE, Plaintiff, Kent Blake, demands that judgment be entered in his favor and against Defendant United States, in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs, and such other and further relief as this Honorable Court deems proper.

Respectfully submitted,

/s/
Robert E. Joyce #26427
Law Office of Barry R. Glazer, LLC
P.O. Box 27166
1010 Light Street
Baltimore, MD 21230
(410) 547-8568
(410) 547-0036
Rjoyce@barryglazer.com

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, Kent Blake, by and through undersigned counsel hereby respectfully requests a jury trial in this matter.

Respectfully submitted,

/s/
Robert E. Joyce #26427
Law Office of Barry R. Glazer, LLC
P.O. Box 27166
1010 Light Street
Baltimore, MD 21230
(410) 547-8568
(410) 547-0036
Rjoyce@barryglazer.com

Attorney for Plaintiff