IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KENT BLAKE,** | * | |
| **Plaintiff,** | * | |
| | | **Civil Action No. RDB-22-0540** |
| v. | * | |
| **UNITED STATES OF AMERICA,** | * | |
| **Defendant.** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Kent Blake ("Plaintiff" or "Blake") brings this negligence action against Defendant United States of America ("Defendant" or "United States") for alleged injuries sustained from a fall inside a United States Postal Office. (ECF No. 1.) Defendant has filed a Motion to Dismiss (ECF No. 15) for lack of subject matter jurisdiction. The Court has considered the relevant filings (ECF Nos. 15, 18, 21) and finds no hearing necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Defendant's Motion shall be GRANTED as Plaintiff failed to properly exhaust his administrative remedies, thereby precluding this Court from exercising subject matter jurisdiction.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Blake was "conducting business" at a United States Post Office ("USPS" or "post office") in Columbia, Maryland, on October 26, 2019, when a post office employee partially closed the steel security gate in the customer service lobby. (ECF

No. 1 at 3.) Plaintiff did not see the employee close the gate, nor did he see the gate itself when he turned a corner. *Id.* As a result, Blake struck his head on the gate and fell to the floor; he was unable to get up for about 3-5 minutes. *Id.* Hours later, Blake went to the emergency room because he developed two bumps on his forehead, neck pain, dizziness, and a headache allegedly as a result of hitting his head on the security gate at the post office. *Id.* at 4.

Plaintiff alleges he sent a "completed" Standard Form 95[1] in compliance with the Federal Tort Claims Act ("FTCA") under 28 U.S.C. § 2675[2] to USPS on April 27, 2021, and there was no final disposition of the claim within six months of filing. (ECF No. 1 at 3.) Blake consequently filed the instant suit on March 7, 2022. *Id.* Defendant United States has moved to dismiss the Complaint for lack of subject matter jurisdiction. (ECF No. 15.) The United States has provided a factual background of the case that is notably absent from Plaintiff's Complaint, but which Plaintiff has conceded in his Opposition.

Plaintiff's counsel sent a letter to USPS on December 20, 2019, stating that USPS was to be named a defendant in a legal matter related to Blake's injuries sustained in the Columbia post office. (*Blake I*, ECF No. 3-2.)[3] Shortly thereafter, in January 2020, a USPS tort claims coordinator sent a Standard Form 95 to Plaintiff's counsel and instructed Plaintiff to complete the Form in its entirety, without any spaces blank, to have his claim considered by USPS.

---

[1] A Standard Form 95 is an acceptable written notification of an incident that satisfies the 28 U.S.C. § 2675(a) prerequisite, as explained *infra*, that a claim is made to the appropriate federal agency before instituting legal action against the United States. 28 C.F.R. § 14.2.

[2] 28 U.S.C. § 2675(a) explains that action against the United States for money damages from injury caused by a federal employee's negligence may not be initiated unless and until the claimant has first made a claim to the appropriate federal agency.

[3] As discussed *infra*, Plaintiff originally brought suit in this Court on February 8, 2021, based on identical facts as alleged here. *Blake v. United States of America*, 21-cv-00321-GLR ("*Blake I*" as coined by the parties). In the instant Motion to Dismiss and related filings, both parties cite to exhibits on the docket in that initial suit which was before Judge Russell of this Court. For clarity, the Court shall cite to those exhibits from that case, and will consistently notate those citations by reference to "*Blake I*" and corresponding ECF number.

(*Blake I*, ECF No. 3-3). On February 5, 2020, Plaintiff's counsel returned an executed Standard Form 95, but did not populate the section for the amount of the claim. (*Blake I*, ECF No. 3-4.) Months later, on June 2, 2020, Plaintiff's counsel informed the tort claims coordinator that Plaintiff's medical bills totaled $8,858.48, and requested to be contacted for settlement discussions. (*Blake I*, ECF No. 3-5.)

USPS denied Plaintiff's claim on November 9, 2020. (*Blake I*, ECF No. 3-6.) Plaintiff filed suit in this Court on February 8, 2021, and the case was assigned to the Honorable George L. Russell.[4] In that case, the United States moved to dismiss the Complaint for lack of subject matter jurisdiction because Plaintiff failed to indicate a sum certain on his Standard Form 95, and therefore he failed to properly exhaust his administrative remedies. (*Blake I*, ECF No. 3.) Plaintiff opposed dismissal, arguing that he had submitted an amended Standard Form 95 which rectified his deficiency. (*Blake I*, ECF No. 4.) Days later, on May 11, 2021, USPS received Plaintiff's amended Standard Form 95 that contained an amount for his claim. (ECF No. 15-2.) On October 26, 2021, Judge Russell dismissed Plaintiff's Complaint for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies. (*Blake I*, ECF No. 8.) Judge Russell explained that Plaintiff's initial Standard Form 95 was deficient because it did not include a sum certain, and his amended Standard Form 95 was untimely as it was submitted after filing suit in this Court. *Id.*

Almost six months after Judge Russell's dismissal, Plaintiff filed the instant action with identical facts. This time, Plaintiff reasons that his amended Standard Form 95 was received by USPS on May 11, 2021, and USPS failed to make a final disposition by the six-month

---

[4] 21-cv-00321-GLR ("*Blake I*"), discussed *supra* n. 3.

3

deadline under 28 U.S.C. § 2675(a). (ECF No. 1 at 3.) By this rationale, the instant suit was filed after Plaintiff exhausted his administrative remedies. Defendant argues that claimants may amend their Standard Form 95, but only prior to final decision by the USPS or before the commencement of suit in this Court. (ECF No. 15-1 at 6.) Consequently, Plaintiff's attempt to cure his deficiencies "was a nullity" because once "the claim was denied it could no longer be amended." *Id.*

Plaintiff largely regurgitates arguments explicitly denied by Judge Russell. More specifically, he argues that his medical bills forwarded to USPS on June 2, 2020, constituted sufficient notice of a claim required by FTCA. (ECF No. 18-1 at 5.) Plaintiff asserts that, given the totality of the circumstances, this Court should afford him equitable tolling as he substantially complied with the requirements of the FTCA. *Id.* at 6-7. This Court finds Plaintiff's recycled arguments unconvincing and shall dismiss the Complaint for the same reasons dictated by Judge Russell. As a result, Defendant's Motion to Dismiss (ECF No. 15) is GRANTED and Plaintiff's Complaint (ECF No. 1) is DISMISSED.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005). A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).  In determining whether

jurisdiction exists, the district court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768–769 (4th Cir. 1991). The plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D.Md.2003), *aff'd*, 85 Fed. Appx. 960 (4th Cir. 2004).

## ANALYSIS

"The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 141 S. Ct. 740, 745 (2021). As the United States Court of Appeals for the Fourth Circuit has explained, a "key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing 28 U.S.C. § 2401(b)).  Specifically, the FTCA commands that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

5

Plaintiffs bringing claims under the FTCA thus "must file an FTCA action in careful compliance with its terms." *Kokotis*, 223 F.3d at 278 (citing *College v. United States*, 411 F. Supp. 738 (D. Md. 1976), *aff'd*, 572 F.2d 453 (4th Cir. 1978)). "The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), and 'a claim for money damages in a sum certain … .'" *Kokotis*, 223 F.3d at 278 (quoting 28 C.F.R. § 14.2). Importantly, "[r]equesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit." *Id.* "[T]his Court has previously dismissed FTCA claims for failing to exhaust administrative remedies by not specifying a sum certain." *Farmer v. Marshall*, No. GJH-21-01295, 2022 WL 228020, at *3 (D. Md. Jan. 25, 2022) (collecting cases). Moreover, it is the plaintiff, and not the defendant, who bears the burden of establishing that he satisfied the terms of the FTCA. *See, e.g.*, *Logan v. United States*, 851 F. Supp. 704, 707 (D. Md. 1994).

Plaintiff failed to properly exhaust his administrative remedies before bringing suit in this Court. First, Plaintiff not only failed to provide a sum certain in his initial Standard Form 95, but he also failed to remedy his claim prior to a final decision by USPS. Second, Plaintiff's attempt to amend his claim after the USPS issued their decision was futile. As Judge Russell explained, "Blake's amendment came after USPS issued a written denial <u>and</u> after Blake filed a civil action." *Blake v. United States*, No. CV GLR-21-321, 2021 WL 4974906, at *3 (D. Md. Oct. 26, 2021) (emphasis in original); *See* 28 C.F.R. § 14.2(c) (a claim "may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option

under 28 U.S.C. 2675(a)"). Both of Plaintiff's efforts to amend his claim against USPS were insufficient to cure his original deficiency, and nothing has changed since he initiated suit.

Finally, Plaintiff's request for equitable tolling due to substantial compliance with the FTCA is unprecedented and not appropriate given the circumstances. The Supreme Court of the United States has applied equitable tolling in FTCA claims where timeliness was at issue as it found such prerequisite to be nonjurisdictional in nature. *United States v. Wong*, 575 U.S. 402, 420 (2015) ("the FTCA's time bars are nonjurisdictional and subject to equitable tolling."). Before reaching this conclusion, the Supreme Court emphasized that when a litigant fails to comply with a jurisdictional prerequisite, such noncompliance "deprives a court of all authority to hear a case" and is not subject to equitable tolling. *Id.* at 408-09. As previously mentioned, the failure to include sum certain in an FTCA claim deprives a district court of jurisdiction over a subsequent suit. *Kokotis*, 223 F.3d at 278. In other words, inclusion of a sum certain is jurisdictional in nature. *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) ("presentation of a claim including "a sum certain" is a jurisdictional requirement").

Here, Plaintiff asks this Court to apply the principle of equitable tolling to the FTCA's requirement that a claimant provide a sum certain in his claim. (ECF No. 18-1 at 6-7.) However, Plaintiff has failed to cite, nor is the Court aware of, any case in which a court applied equitable tolling to excuse substantive shortcomings in a claim submitted to the federal government. *Contra Gabriel v. United States*, 683 F. App'x 671, 673 (10th Cir. 2017) ("In our view, *Wong* does not affect our precedents addressing the jurisdictional nature of the statutory exhaustion requirement."); *Barber v. United States*, No. 1:14CV470-HSO-JCG, 2015 WL 13106577, at *2 (S.D. Miss. July 6, 2015), *aff'd*, 642 F. App'x 411 (5th Cir. 2016) ("*Wong* does

not stand for the proposition that a party is not required to exhaust his administrative remedies before filing suit against the United States in federal district court"). No such case exists because, as Defendant appropriately highlights, the Court cannot forgive Plaintiff's defects as "[t]he sum certain requirement is jurisdictional in nature and, therefore, is not susceptible to equitable relief." (ECF No. 21 at 6). Because inclusion of a sum certain in a claim under the FTCA is jurisdictional in nature, equitable tolling is inapplicable and Plaintiff's argument fails.

Ultimately, Plaintiff failed to appropriately exhaust his administrative remedies and consequently this Court lacks subject matter jurisdiction over his claims. As a result, Defendant's Motion to Dismiss (ECF No. 15) is GRANTED and Plaintiff's Complaint (ECF No. 1) is DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 15) is GRANTED and Plaintiff's Complaint (ECF No. 1) is DISMISSED.[5]

A separate Order follows.

Dated: May 1, 2023                                   _____/s/_____
                                                      Richard D. Bennett
                                                      United States District Judge

---

[5] Dismissal of claims based on lack of subject matter jurisdiction must be without prejudice in accordance with precedent from the United States Court of Appeals for the Fourth Circuit. *Effland v. Baltimore Police Dep't*, No. 1:20-CV-3503-CCB, 2022 WL 3107144, at *6 n.8 (D. Md. Aug. 4, 2022).